IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL FRANKS** | ) | **CASE NO: 5:13-cv-2833** |
| 1801 Gasche St., Apt. B13 | ) | |
| Wooster, OH  44691 | ) | **JUDGE** _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **MERCANTILE ADJUSTMENT** | ) | **JURY TRIAL DEMANDED** |
| **BUREAU, LLC** | ) | |
| c/o National Registered Agents, Inc. | ) | |
| 1300 East Ninth Street | ) | |
| Cleveland, OH 44114 | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES PLAINTIFF, **MICHAEL FRANKS,** by and through the undersigned counsel, and for his complaint against Defendant, **MERCANTILE ADJUSTMENT BUREAU, LLC,** alleges and states as follows:

### INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, Michael Franks, a consumer, against Mercantile Adjustment Bureau, Inc. ("Mercantile"), for violations of the

      Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq., (the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and which creates a private right of action to redress violations thereof.

2. It is also for corollary claims under Ohio's Consumer Sales Practices Act, R.C. §1345 *et seq.* ("CSPA").

3. This action is also brought for violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 (the "TCPA"), which prohibits calls using automatic telephone dialing systems or artificial or prerecorded voices to cellular telephones without the express permission of the recipient, and which creates a private right of action to redress violations thereof. Congress has found that such unwanted automated calls are a "nuisance and an invasion of privacy, regardless of the type of call." Id.

## VENUE AND JURISDICTION

4. The action arises under 15 U.S.C. §1692 and 47 U.S.C. §227, federal statutes, and thus this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331.

5. Venue is properly laid in this District pursuant to 28 U.S.C. §1391 in that Defendant transacts business in this District and the cause of action asserted herein arose in this District.

## PARTIES

6. Michael Franks is, and was at all relevant times herein, a resident of Wooster, Ohio.

7. Michael Franks is a "consumer" as that term is defined under the FDCPA 15 U.S.C. §1692a(3) and the CSPA.

8. Mercantile is a foreign corporate entity, which is registered to do business in Ohio, attempting to collect debts or otherwise obtain funds from Ohio consumers.

9. Mercantile is a "debt collector" as that term is defined in 15 U.S.C. §1692a(6) and a "supplier" under the CSPA.

## FACTS.

10. Defendant began calling Mr. Franks in 2013.

11. Defendant called Mr. Franks on his cell phone.

12. These calls were generated by an automated telephone dialing system and/or employed an electronic or prerecorded voice.

13. At no time did Mr. Franks grant permission to the Defendant to call him on his cell phone.

14. Defendant was attempting to collect a debt originally incurred by Mr. Franks on a credit account (the "Account").

15. In the course of doing so, the Defendant misrepresented the nature and character of the claimed debt, and they attempted to collect an amount to which they had no right in contract or law.

16. In continuing to call Mr. Franks, the Defendant caused him to incur expense.

17. In the course of its collection efforts, the Defendants threatened legal action against Mr. Franks that it could not and/or did not intend to take.

18. In the course of its collection efforts, the Defendants contacted the parents of Mr. Franks and unlawfully disclosed information about the alleged debt.

19. Defendants failed to send any written dunning letter to Mr. Franks and, likewise, failed to inform him of his right to demand verification of the debt and other rights as required by law.

20. In connection with the facts, events, and averments herein, Defendants acted willfully and maliciously, with spite and ill will, and/or with reckless disregard for Plaintiff's rights and safety.

## FIRST CLAIM FOR RELIEF
(FDCPA Violations)

21. Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully re-written herein.

22. Defendant violated §1692c(b) by contacting a third party about Plaintiff's debt.

23. Defendant violated 15 U.S.C. §1692d generally by engaging in the conduct described herein and other conduct to be proven at trial, which had the natural consequence to "harass, oppress, or abuse" Plaintiffs in connection with the collection of an alleged debt.

24. Defendant violated 15 U.S.C. §1692d(5) by causing Plaintiff's cell phone to ring repeatedly and engaging him in conversation repeatedly for the purpose of annoyance, harassment, and abuse.

25. Defendant violated 15 U.S.C. §1692e generally by engaging in the conduct described herein and other conduct to be proven at trial, which was false, deceptive and/or misleading.

26. Defendant violated 15 U.S.C. §1692e(2) by falsely representing to Plaintiff that he owed money and/or falsely representing the amount of debt owed.

27. Defendant violated 15 U.S.C. §1692e(5) by threatening legal action that could not be legally taken and that it did not intend to take.

28. Defendant violated 15 U.S.C. §1692e(10) by using deceptive means to collect a debt as described herein.

29. Defendant violated 15 U.S.C. §1692f generally by engaging in the conduct described herein and other conduct to be proven at trial, which is unfair and unconscionable.

30. Defendant violated 15 U.S.C. §1692f(1) by attempting to collect an amount to which it was not entitled.

31. Defendant violated 15 U.S.C. §1692f(5) by calling Plaintiff's cell phone.

32. Defendant violated 15 U.S.C. §1692g by failing to properly inform the Plaintiff of their rights as required by law and by failing to verify the alleged debt and/or by continuing to call him despite the notice of dispute and request for verification.

33. Defendant violated the FDCPA in other ways as described herein and to be proven at trial.

34. Under the FDCPA, Mr. Franks is entitled to recover statutory damages, actual damages, attorney fees, and costs for the violations described herein.

## SECOND CLAIM FOR RELIEF
(CSPA Violations)

35. Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully re-written herein.

36. As described herein and to be proven at trial, Defendant engaged in unfair and deceptive acts in violation of R.C. §1345.02 *et seq*.

37. As described herein and to be proven at trial, Defendant engaged in unfair and unconscionable acts in violation of R.C. §1345.03 *et seq*.

38. Specifically, as described above, Defendant engaged in conduct which violates the FDCPA.

39. By violating the FDCPA, defendant has violated the CSPA.

40. Each of Defendant's violations of the FDCPA is a separate violation of the CSPA.

41. The Public Inspection File of the Ohio Attorney General contains opinions declaring these practices unlawful.

42. Under the CSPA, Defendant is liable to Plaintiff for treble actual damages or $200 per violation, up to $5,000 for emotional and other noneconomic damages, plus costs and attorney fees.

### THIRD CLAIM FOR RELIEF
(TCPA Violations)

43. Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully re-written herein.

44. As described above, Defendant knowingly made calls to Plaintiff's cellular telephone, via an automatic telephone dialing system and/or using an artificial or prerecorded voice, without his express permission.

45. Thus, under the TCPA, Defendant is liable to the Plaintiff for a minimum of $500 per phone call and up to $1,500 per call since the calls were made knowingly.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

A. That this Court award to Plaintiff statutory damages of $1,000 from Defendant herein for their various violations of the FDCPA.

B. That this Court award to Plaintiffs the greater or treble actual damages or statutory damages of $200 for each violation of the CSPA.

C. That this Court award to the Plaintiff $5,000 for noneconomic damages pursuant to R.C. 1345.09(B).

D. That this Court award to the Plaintiff actual damages in an amount to be proven at trial, including for emotional distress, annoyance, aggravation, loss of reputation,

embarrassment, damage to credit, depression, anxiety, sleep deprivation, loss of appetite, and associated physical ailments.

E. That this Court award to Plaintiff $1,500 for each call placed by Defendant to Mr. Franks' cell phone.

F. That this Court award attorney's fees, costs, and interest to Plaintiff pursuant to the FDCPA, CSPA, and other applicable law.

G. That this Honorable Court awards to Plaintiff such other and further relief as may be just and equitable.

                Respectfully submitted,

                s/ Michael L. Fine_____
                Michael L. Fine (0077131)
                3637 South Green Road, 2nd Floor
                Beachwood, OH 44122
                Phone & fax: (216) 292-8884
                mfine@ohioconsumerlawyer.com

## JURY DEMAND

Plaintiff hereby requests a trial by jury as to all issues of fact in this action.

                s/ Michael L. Fine_____
                Michael L. Fine (0077131)
                3637 South Green Road, 2nd Floor
                Beachwood, OH 44122
                Phone & fax: (216) 292-8884
                mfine@ohioconsumerlawyer.com